DECISION.
Defendant-appellant Allen Glover appeals from his classification as a sexual predator pursuant to R.C. 2950.09(B). In his fifth assignment of error and in his discussion of his first assignment of error, the essence of Glover's argument is that the trial court did not follow the procedures for a sexual-predator hearing provided in R.C. 2950.09(C)(2)(b). Because the trial court abused its discretion by overruling Glover's request for a continuance to subpoena prison records and to offer expert testimony, we find that the first and fifth assignments are well taken.
On March 5, 1984, the trial court imposed an indefinite sentence of three concurrent prison terms of not less than five or more than twenty-five years following Glover's guilty plea to three counts of raping his twelve-year-old stepdaughter. In 1989, he was paroled, but a later parole violation resulted in his return to prison. Seventeen years after his conviction, on April 4, 2000, the trial court ordered Glover to be returned to Hamilton County for a sexual-predator hearing.
On May 16, 2000, the date scheduled for the sexual-predator hearing, the trial court permitted Glover's appointed counsel to withdraw and in open court appointed new counsel who was not then present in court. Glover requested a ninety-day continuance, which the trial court denied. Instead, the court rescheduled the hearing for two days later.
At the hearing on May 18, 2000, Glover's newly appointed counsel said, "Your Honor, we would ask that you continue the actual finding and let him or let the experts and the records be brought in and for those to be put into the record before you make a decision." The trial court refused and proceeded to adjudicate Glover a sexual predator.
The matter of a continuance is entrusted to the trial court's broad discretion, and the denial of a continuance cannot be reversed by an appellate court unless there has been an abuse of discretion. State v.Unger (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080. Considerations for evaluating a continuance include the following: (1) length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant has contributed to the circumstance that gives rise to the request for a continuance; and (6) other relevant factors depending on the unique facts of each case. Id. at 67-68,423 N.E.2d at 1080.
In this case, the trial court was courteous and patient in allowing Glover to speak in support of his request for a continuance, but Glover's counsel had, at best, only two days to prepare and to marshal evidence for the sexual-predator hearing. R.C.2950.09(B)(1) guarantees a defendant the right to counsel at a sexual-predator hearing. At the hearing a defendant "shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses * * *." The core of procedural due process involves the right to notice and a hearing at a meaningful time and in a meaningful manner. See Asher Investments, Inc. v. Cincinnati (1997),122 Ohio App.3d 126, 136, 701 N.E.2d 400, 406.
The issue here was whether Glover, having committed a sexually-oriented offense seventeen years ago was now "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The relevant factors in R.C. 2950.09(B)(2)(a) through (j) may, standing alone, clearly and convincingly support a sexual-predator classification. But a defendant is entitled to a meaningful opportunity to show otherwise through evidence of his conduct in prison and his completion of educational and behavioral-modification programs. See State v. Pryor
(Mar. 10, 2000), Hamilton App. No. C-990497, unreported. Furthermore, we cannot determine if the presentence investigation, upon which the trial court said it relied, supported its adjudication, as the exhibits are not in this record.
To abuse its discretion, a court must act unreasonably, arbitrarily, or unconscionably. See Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252. If a court's exercise of its discretion, however, exhibits a sound reasoning process, this court will not disturb its decision. See AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597, 601. Two days was not sufficient time in this case for Glover's newly appointed counsel to subpoena and review prison records or to consult an expert for purposes of preparing for the hearing under R.C.2950.09(B)(1), and, therefore, the denial of a continuance was unreasonable.
We specifically overrule Glover's second assignment of error on the authority of State v. Cook (1998), 83 Ohio St.3d 404, 405, 700 N.E.2d 570,573, and we specifically overrule his third assignment of error on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 527, 528,728 N.E.2d 342, 357. We determine, pursuant to App.R.12(A)(1)(c), that Glover's fourth assignment of error is made moot by our ruling on his first and fifth assignments of error.
For the foregoing reasons the trial court's judgment is reversed, and this matter is remanded to the trial court for a new hearing consistent with this decision.
Gorman, P.J., Hildebrandt and Winkler, JJ.